# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FREDERICK OMOYUMA SILVER, | Case No. 2:20-cv-00682-GMN-VCF |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| CLARK COUNTY NEVADA, *et al*, | **-And-** |
| Defendants. | **ORDER** |
| | APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1); COMPLAINT (ECF NO. 1-1); MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY (ECF NO. 4) |

Before the Court are pro se plaintiff Frederick Omoyuma Silver's  application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1).  Plaintiff should be deemed a vexatious litigant, this case should be dismissed, and his application to proceed in forma pauperis should be denied as moot. The Court also denies plaintiff's motion to file electronically.

## I.     Legal Standard

The court must review a plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible."   556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 547, (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id*. Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id*. (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted).

2

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (quotation omitted). Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id.* at 1056. The court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Williams v. Nat'l Default Servicing Corp*., No. 2:16-cv-1860-GMN-NJK, 2017 U.S. Dist. LEXIS 4111, at 12-14 (D. Nev. Jan. 10, 2017), citing to *Molski v. Mandarin Touch Rest*., 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004).

## II.    Discussion

Silver filed this action pro se against Clark County Nevada, Judge T. Arthur Ritchie, Jr., District Attorney Steven Wolfson, and Family Court Hearing Master Jane Femiano. (ECF No. 1-1 at 1). Silver alleges that the defendants have violated his rights by forcing him to pay child support and by taking $75,000 worth of his private property for child support to "unjustly enrich" themselves. (*Id.* at 7). Silver does not explain how Judge Richie, DA Wolfson, Clark County, and Hearing Master Femiano enriched themselves by enforcing child support laws.

### a.  Recommendation to Dismiss

Pursuant to 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. It appears plaintiff is displeased that the Family Court has ruled that he must pay child support and he seeks this Court's review. It is well-settled that federal district courts do not have

appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

All Silver's allegations are in relation to the actions of Judge Richie, Hearing Master Femiano, and DA Wolfson as the prosecutor as the child support enforcement case, and he ties in Clark County because he alleges they all work for Clark County. All of plaintiff's claims against Judge Richie and Hearing Master Femiano involve actions taken by them in their quasi-judicial or judicial capacity, thus they are absolutely immune from suit. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982). Judges are absolutely immune from a civil suit for damages under § 1983. See *Imber v. Pachtman*, 424 U.S. 409, 435 (1976). Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.  See *Van de Kamp v. Goldstein*, 555 U.S. 335, 342, 129 S. Ct. 855, 860 (2009). Plaintiff's claims against DA Wolfson enforcing a child support action against Silver is an official prosecutorial function and Wolfson is immune from suit.

Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipal entity may be liable when its "policy or custom…inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government

custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). Plaintiff has not stated a claim against Clark County because the court's actions (enforcing child support laws) are not policies or customs of Clark County that led to plaintiff's alleged constitutional violation of being forced to pay child support. Plaintiff's complaint fails to state a claim upon which relief can be granted regarding the actions of the defendants.

Even under the liberal pleading standard, plaintiff's complaint is 1) fashioned as an appeal of a state court proceeding, which is outside this Court's jurisdiction, and 2) his allegations are related to judicial or prosecutorial actions which require immunity. Amendment would be futile, and this case should be dismissed.

### b. Recommendation to Deem Silver a Vexatious Litigant

Silver has filed multiple cases pro se in the District of Nevada:

1. 3:13-cv-00655-MMD-WGC

2. 2:18-cv-01106-JAD-CWH

3. 2:19-cv-00032-APG-BNW

4. 2:20-cv-00695-KJD-NJK

5. 3:19-cv-00143-MMD-WGC

6. 2:19-cv-00554[1]

7. 2:19-cv-00636-JAD-EJY

8. 2:19-cv-00637-RFB-DJA

9. 2:19-cv-01414-RFB-NJK

10. 2:20-cv-00682-GMN-VCF

---

[1] Case terminated because initiating documents not filed.

This is also not the first time Silver has filed a frivolous lawsuit that this Court dismissed regarding his child support obligations against many of the same defendants in this Court. 2:18-cv-01106-JAD-CWH, ECF No. 20 (Order adopting report and recommendation to dismiss case against Clark County Child Support Division/DA, Family Support Enforcement Division, and Clark County District Attorney Steven Wolfson in relation to the defendants' alleged attempts to collect child support payments from him); see 2:19-cv-00636-JAD-EJY, ECF No. 7 (Order adopting report and recommendation to dismiss Silver's child support enforcement case for lack of subject-matter jurisdiction); 2:19-cv-00637-RFB-DJA, ECF No. 10 (another Order adopting report and recommendation to dismiss Silver's child support enforcement case for lack of subject-matter jurisdiction). Filing duplicative lawsuits is a hallmark of a vexatious litigant. Amendment in this case would also be futile due to the doctrine of res judicata[2], and this plaintiff has wasted enough judicial resources by filing the same or similar lawsuits repeatedly.

Silver has a few pending cases before this Court that involve claims regarding his dissatisfaction with paying child support. There is a pending report and recommendation to dismiss Silver's claims against the Clark County Child Support Division regarding child support he does not wish to pay. See 2:19-cv-01414-RFB-NJK, ECF No. 10.  He also has a pending case regarding his child support obligations against many of the same defendants (DA Steven Wolfson, Hearing Master Jane Femiano, and Judge T. Arthur Richie Jr.), along with defendants Clark County Child Support Division, Attorney General Aaron Ford, Nevada Department of Health and Human Services, Candice K Towner (the mother to whom the support is owed), HAA Regional Director Edward Heidig, and agents Veronica

---

[2] "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 91, 101 S. Ct. 411, 413 (1980).

6

Gomez and Aarin Bailey with the Clark County Family Child Support Enforcement Support Division. See 2:19-cv-00032-APG-BNW, ECF No. 126. Silver has another case where there is a pending IFP application and notice of removal, wherein it appears Silver is attempting to remove enforcement of his child support payments to this Court. See 2:20-cv-00695-KJD-NJK. Allowing plaintiff the opportunity to amend here would again be futile due to the first-to-file rule[3] and the doctrine of claim splitting[4].

Silver also has a pending case regarding a "financial obligation that was primarily for personal, family, and household purposes[.]" See 3:19-cv-00143-MMD-WGC, ECF No. 5 at 3. This Court also dismissed another of Silver's cases for lack of jurisdiction. See 3:13-cv-00655-MMD-WGC[5], ECF No. 24 (Order dismissing case for lack of subject matter jurisdiction).

"No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Silver has a history of filing pro se vexatious and duplicative lawsuits. Silver does not have a good faith motive in pursuing frivolous litigation and he has abused the judicial process by filing lawsuits that he knows will be dismissed. Plaintiff's actions have posed an unnecessary burden on this Court and are a vexatious abuse of the judicial process. Plaintiff is likely to continue his abuse of the judicial process. Requiring Silver to seek leave prior to filing new lawsuits is narrowly tailored because he will still have access to this Court by requesting leave. Although the Court is raising this issue sua

---

[3] "[T]he "first-to-file" rule (also called the "first-filed" or the "prior pending action" rule) dictates that, in the absence of "exceptional circumstances," the later-filed action should be stayed, transferred or dismissed[ ]." *Colortyme Fin. Servs. v. Kivalina Corp.*, 940 F. Supp. 269, 272 (D. Haw. 1996), citing to *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "Dismissal of the duplicative lawsuit…promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007).
[4] A party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits. *In re PersonalWeb Techs., LLC*, 2019 U.S. Dist. LEXIS 56804, at 49 (N.D. Cal. Mar. 13, 2019). Claim splitting differs from res judicata because it does not require that there be a final judgment. *Adams*, 487 F.3d at 692. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688.
[5] The Court notes that plaintiff did not use his middle name or initial when filing this case, but this case is one of plaintiff Silver's because he uses the same email address on this filing as the instant case.

sponte, Silver will have notice and a chance to be heard through the objection process. Silver has previously demonstrated that he understands the objection process in this Court. See 2:19-cv-01414-RFB-NJK, ECF No. 13.

### c.   Silver's In Forma Pauperis Application and Motion to File Electronically

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's in forma pauperis application states under penalty of perjury that he has thousands of dollars in expenses and that he drives a Lexis LS 460: yet he claims he has $0 in income from any source to pay any of his expenses. The Court also notes that plaintiff claims he had $75,000 worth of property seized in the instant complaint, and that this Court has previously denied plaintiff in forma pauperis status because Silver paid the filing fee in this Court in a subsequent case. See 2:18-cv-01106-JAD-CWH, ECF No. 14 (Order denying in forma pauperis application because Silver filed a subsequent lawsuit and paid the $400 filing fee). The Court would deny Silver's in forma pauperis application because his claim that he has thousands of dollars in monthly expenses and no way to pay any of them for the past 12 months (including his rent and bills) are not credible. Since the Court is recommending dismissal, however, the Court recommends that Silver's in forma pauperis application should be denied as moot.

The Court notes further that this Court has previously granted, and then revoked, Silver's electronic filing privileges. See 2:19-cv-00032-APG-BNW, ECF No. 133 (Order revoking plaintiff's privileges to file electronically due to Silver's refusal to comply with the local rules or directions from the clerk's office to remedy his errors regarding ECF Nos. 16, 18, 19, 28, 30, 31, 33, 34, 44, 52, 54, 55, 61, 66, 69, 72, 73, 75, 76, 94, 78, 87, 89, 100, and 103). Since this Court is recommending dismissal, the Court denies Silver's motion to file electronically.

ACCORDINGLY,

IT IS RECOMMENDED that plaintiff Frederick Silver's complaint (ECF No. 1-1) be DISMISSED for failure to state a claim.

IT IS FURTHER RECOMMENDED that plaintiff's application to proceed in forma pauperis (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that be Frederick Silver deemed a VEXATIOUS LITIGANT.

IT IS FURTHER RECOMMENDED that Frederick Silver be required to seek LEAVE of Court before filing any additional actions in the District of Nevada.

IT IS ORDERED that Frederick Silver's motion for pro se litigant to file electronically (ECF No. 4) is DENIED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

      IT IS SO RECOMMENDED AND ORDERED.

      DATED this 6th day of May 2020.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE